# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-109V

| | | |
|---|---|---|
| * * * * * * * * * * * * * *  * | | |
| FRANCES RUZICKA, | * | |
| Petitioner, | * | Special Master Shah |
| v. | * | Filed:  March 24, 2025 |
| SECRETARY OF HEALTH AND HUM. SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Patricia Ann Finn,* Patricia Finn, P.C., Pearl River, NY, for Petitioner.
*Sarah Black Rifkin,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 24, 2017, Frances Ruzicka ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet. (ECF No. 1).  Petitioner alleged that she developed "post-vaccination syndrome" and fibromyalgia as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination she received on July 30, 2020.  *See id*.  On March 15, 2023, Petitioner filed a motion for interim attorneys' fees and costs, requesting a total of $50,414.66.  ECF No. 92.  On November 28, 2023, Petitioner's interim motion was granted in part, and she was awarded $44,991.32.  ECF No. 110.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  This means the Decision will be available to anyone with access to the internet.  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act").  All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On November 13, 2023, after briefing by the parties, former Special Master Katherine E. Oler issued a decision dismissing the petition, finding that Petitioner had not established by preponderant evidence that she was entitled to compensation under the Vaccine Act. ECF No. 78.

On August 16, 2024, Petitioner's counsel, Ms. Patricia A. Finn, filed an application ("Fees App.") for final attorneys' fees. ECF No. 117. Ms. Finn initially requested attorneys' fees only in the amount of $10,706.50, and she requested that "the payments be made directly to her firm Patricia Finn Attorney, P.C., without requiring the client's co-signature." Fees App. at 2, 7. Respondent responded to the motion ("Fees Resp.") on August 30, 2024, stating that Respondent "continues to object to the direct reimbursement of fees, made payable solely to counsel" but "defers to the Court with regard to whether the statutory requirements for an award of attorney's fees are met in this case." Fees Resp. at 4 (ECF No. 119). Petitioner replied on September 6, 2024, adjusting a line item in the final fees application, and adjusting her invoice to include fees she incurred preparing the reply. Reply (ECF No. 120). The total amount requested for fees is $14,459.60. Reply at 8.

This matter is now ripe for consideration.

I.    **Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the claim was brought in good faith and maintained a reasonable basis while it was pending. I note that Respondent's response did not specifically argue that this claim lacked good faith or a reasonable basis. Fees Resp. at 2-4. Accordingly, I conclude that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

Ms. Finn requests $490.00 per hour for work she performed in 2023, and $500.00 per hour for work she performed in 2024. These rates are not consistent with what Ms. Finn has been previously awarded for the work she performed in 2023 and 2024. *See Mead v. Sec'y of Health & Hum. Servs.*, No. No. 19-667V, 2024 WL 4040000, at *4 (Fed. Cl. Sept. 4, 2024) (finding reasonable and adopting the special master's rate of $450 for 2023, and $480 for 2024). Ms. Finn has not provided any specific reasoning to support her request for a higher hourly rate; accordingly, I will apply her previously awarded rate. Application of this rate results in a reduction of **$1,040.00**.[3]

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See, e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011). Rather, when assessing attorney's fees and costs, the goal is to achieve a "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Although Respondent states that he "no longer has sufficient resources to routinely provide detailed objections to requests for attorneys' fees and costs," Respondent maintains he "is concerned that some of the time billed by counsel in the Motion for Final Attorney's Fees should not be compensated" and "urges the Court to apply additional scrutiny" to the final motion for attorneys' fees. Fees Resp. at 5. Respondent asserts that Ms. Finn chiefly requests reimbursement for administrative tasks, and not substantive case work, and that the amount of time Ms. Finn spent "reviewing the entitlement decision and preparing a joint notice not to seek review" was "arguably excessive." *Id.* at 5-6.

Ms. Finn asserts that Respondent's characterization of her billing entries is a "misinterpretation of the invoice items and attorney work performed." Reply at 4. She argues that "[t]he work charged represents Attorney fees incurred in a final review of the legal documents, including the [sic] analyzing the final spreadsheet and accompanying motion, which is a substantive legal task." *Id.* at 5. Regarding the amount of time she spent in completing the tasks, Ms. Finn argues that it was not excessive, and she provided justifications for the time spent on each task. *Id.* at 5-8.

I acknowledge Respondent's point that some of Ms. Finn's billing entries might appear to be for administrative or paralegal work that is not substantive in nature. An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell*

---

[3] This amount is calculated as ($490 - $450 = $40 x 21.85 hrs) + ($500 - $480 = $20 x 8.3 hrs) = $1,040.00.

*v. Sec'y of Health & Hum. Servs.*, 18 Cl. Ct. 751, 760 (1989). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mast. July 27, 2009). After review of the billing records, I ultimately give credence to Ms. Finn's argument that the claimed fees involved substantive legal tasks. I further conclude that the overall hours spent on this matter appear to be reasonable, and there is sufficient detail in the billing entries describing the work done on the case and the amount of time spent on that work. In the future, counsel should take care to provide sufficient detail in her billing entries to ensure clarity, prevent any misinterpretation or mischaracterization of her work, and most importantly, allow the special master to determine the reasonableness of the requested fees.

Finally, I conclude that Respondent's objection to the direct payment of fees to counsel is moot, as attorneys' fees and costs are now paid through an ACH deposit to Petitioner's counsel's IOLTA account for disbursement.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,459.60 |
| (Reduction to Fees) | ($1,040.00) |
| **Total Attorneys' Fees Awarded** | **$13,419.60** |
| | |
| **Total Amount Awarded** | **$13,419.60** |

**Accordingly, I award a lump sum in the amount of $13,419.60, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).